The document below is hereby signed.

Signed: August 19, 2019



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
KHADIJA DUMA,                  )      Case No. 19-00250
                               )      (Chapter 7)
                Debtor.        )
                               )
_____)
                               )
KHADIJA DUMA,                  )
                               )
                Plaintiff,     )
                               )
        v.                     )      Adversary Proceeding No.
                               )      19-10019
US BANK, _et al._,             )
                               )      Not for publication in
                Defendants.    )      West's Bankruptcy Reporter.

MEMORANDUM DECISION RE MOTION TO DISMISS

The court will grant the pending motion to dismiss this

adversary proceeding.  For the same reasons stated in the

_Memorandum Decision and Order Denying Motion for Injunctive_

_Relief_ (Dkt. No. 10), the court lacks subject matter jurisdiction

over this adversary proceeding under 28 U.S.C. § 1334(b).  First,

the claim that the defendants stole documents of the debtor does

not arise under the Bankruptcy Code.[1]

Second, the claim has not arisen in the bankruptcy case (because it is not an administrative matter arising in the bankruptcy case that would not exist outside of the bankruptcy case).

Finally, the case is not related to the bankruptcy case as nothing in the complaint shows that the proceeding could have any impact on the administration of the estate.  This is true whether the claim that the defendants stole documents of the debtor is property of the estate or is property of the debtor:

- The trustee, not the debtor, is authorized to sue on claims that are property of the estate; the trustee has not seen fit to sue on the claim if it is property of the estate; and the bankruptcy case itself is ready to be closed (which will result in there being no pending case in which administration of the estate is ongoing).[2]  If the claim is property of the estate, any attempt by the debtor to sue on the claim is barred for

---

[1]  I mistakenly indicated in the *Memorandum Decision and Order Denying Motion for Injunctive Relief* (Dkt. No. 10) that the debtor had not received a discharge.  She did receive a discharge, but that has no impact on whether the claim against the defendants arises under the Bankruptcy Code.

[2]  The Chapter 7 trustee filed a Report of No Distribution on June 10, 2019, in the bankruptcy case certifying pursuant to Fed. R. Bankr. P. 5009 that the estate has been fully administered.  Aside from this adversary proceeding, no other adversary proceeding or contested matter is pending, and thus the bankruptcy case itself stands ready to be closed.

lack of standing and would be void as a violation of 11
U.S.C. § 362(a)(3).  Thus, pursuit of the claim could
not have any impact on the administration of the
estate.

- If the claim (via exemption or abandonment) has become
or becomes property of the debtor, a recovery by the
debtor would have no impact on the administration of
the estate.

Accordingly, this adversary proceeding must be dismissed.

An order follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: Plaintiff; e-recipients of orders.