The document below is hereby signed.

Signed: October 11, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KHADIJA DUMA, | ) | Case No. 19-00250 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| KHADIJA DUMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10019 |
| US BANK, *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO
VACATE OR RECONSIDER ORDER DISMISSING ADVERSARY PROCEEDING

The debtor (the plaintiff herein) has filed a motion (which was timely under Fed. R. Bankr. P. 9023) to vacate or reconsider the order dismissing this adversary proceeding which asserted a claim to recover documents allegedly stolen by the defendants. The motion fails to show error in the court's conclusion that the court lacks subject matter jurisdiction over that claim. The motion fails to show that the debtor's claim is one "arising under" the Bankruptcy Code or "arising in" the debtor's

underlying bankruptcy case or "related to" the bankruptcy case such as to confer subject matter jurisdiction under 28 U.S.C. § 1334(b), and fails to show that the debtor had standing to pursue the claim.

The motion discusses difficulties the debtor had in computing the time for serving the summonses, and then difficulties the debtor had in serving the summonses, but those circumstances do not bear on the issue of subject matter jurisdiction or the issue of standing.

The motion also contends that the financial documents allegedly stolen by the defendants were needed at the meeting of creditors under 11 U.S.C. § 341 at which the debtor was examined by the Chapter 7 trustee. However, before the debtor commenced this adversary proceeding on July 1, 2019, the meeting of creditors had concluded and the Chapter 7 trustee had filed on June 10, 2019, a *Chapter 7 Trustee's Report of No Distribution* (Case No. 19-00250, Dkt. No. 45) reporting that "I hereby certify that the estate of the above-named debtor(s) has been fully administered." The allegedly stolen documents were not needed by the Chapter 7 trustee to complete the administration of the estate (thus demonstrating that the debtor's claim to recover the documents was not one that would have an impact on the administration of the estate and that, accordingly, the claim was not "related to" the bankruptcy case). Moreover, the claim to

recover the stolen documents was not a claim that could arise only in the bankruptcy case, and thus was not an administrative matter that could arise only in the bankruptcy case such as to fall within "arising in" jurisdiction.

Moreover, the debtor's filings in this adversary proceeding suggest that she contends that the documents were stolen prepetition. If that is the case, the claim to recover them was property of the estate, and the debtor has not suggested that the court erred in treating the claim as property of the estate. As property of the estate, the claim was one only the Chapter 7 trustee had standing to pursue during the pendency of the bankruptcy case.[1]

In the interim after this adversary proceeding was dismissed, the Clerk closed the debtor's bankruptcy case on August 20, 2019. There no longer is an ongoing bankruptcy case in which any claims of the debtor could affect the administration of the case. Subject matter jurisdiction is measured as of the filing of an adversary proceeding complaint. However, the *Chapter 7 Trustee's Report of No Distribution* preceding the commencement of the adversary proceeding shows that pursuit of

---

[1] If the claim arose postpetition, the claim is not property of the bankruptcy estate, and would belong to the debtor, but the coincidence that the debtor's bankruptcy case was pending when the claim arose does not suffice to confer "arising in" or "related to" subject matter jurisdiction. *In re Boone*, 52 F.3d 958, 961 (5th Cir. 1995).

3

the claim raised in the complaint was unnecessary to the administration of the estate. In any event, when the complaint was filed, only the Chapter 7 trustee had standing to pursue the claim as one arising prepetition.

Even disregarding the lack of standing and even if one hypothesizes that subject matter jurisdiction existed when the debtor filed the complaint, the bankruptcy court has discretion to dismiss an adversary proceeding when the underlying bankruptcy case is later dismissed or closed (thus making clear that the adversary proceeding will have no impact on the administration of the estate). *In re Porges*, 44 F.3d 159, 162-63 (2d Cir. 1995). *Accord*, *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 80-82 (7th Cir. 1995); *In re Querner*, 7 F.3d 1199, 1201-02 (5th Cir. 1993) (noting that "as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings. *See In re Carraher*, 971 F.2d 327 (9th Cir. 1992); *In re Morris*, 950 F.2d 1531 (11th Cir. 1992); *In re Smith*, 866 F.2d 576 (3d Cir. 1989)" but recognizing that the decision whether to retain jurisdiction "rests within the sound discretion of the bankruptcy court."); *In re Swinson*, Adv. Pro. No. 01-10165, 2004 WL 3779953, at *3 (Bankr. D.D.C. July 27, 2004). In light of:

- the *Chapter 7 Trustee's Report of No Distribution* (reporting that the estate has been fully

4

    administered);

- the existence of a Superior Court action in which she has raised her claim;[2] and
- this adversary proceeding not having progressed beyond the stage of a motion to dismiss,

a sound exercise of discretion requires that the adversary proceeding remain dismissed.

For all of these reasons, it is

ORDERED that the debtor's *Motion to Vacate/Reconsider this Court's Order to Dismiss the Above-Captioned Adversary Proceeding* (Dkt. No. 18) is DENIED.

                                        [Signed and dated above.]

Copies to: Plaintiff; e-recipients of orders.

---

[2] See Dkt. No. 7 at 3 (reporting that the debtor filed a motion in the Superior Court to recover the documents).